Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Nowles H. Heinrich
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 0 2 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:24-CR-00118-TOR |
| v. | Plea Agreement |
| BRANDON LEE BRIGMAN, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Nowles Heinrich, Assistant United States Attorney, and Defendant BRANDON LEE BRIGMAN ("Defendant"), and Defendant's counsel, Ryan Farrell, agree to the following Plea Agreement:

1.     Waiver of Indictment

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States in an Information.

2.     Guilty Plea and Maximum Statutory Penalties

Defendant agrees to plead guilty to the Information filed in the Eastern District of Washington, charging the Defendant with one count of Felon in

PLEA AGREEMENT - 1

Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class C Felony. Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment up to 15 years;

    b.    a term of supervised release of up to 3 years;

    c.    a fine of up to $250,000; and

    d.    a $100 special penalty assessment.

3.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

4.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

PLEA AGREEMENT - 2

a. sentencing is a matter solely within the discretion of the Court;

b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5. Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6.   Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.   the right to a jury trial;

    b.   the right to see, hear and question the witnesses;

    c.   the right to remain silent at trial;

    d.   the right to testify at trial; and

    e.   the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7.   Elements of the Offense

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a.   *First*, on or about August 18, 2023, in the Eastern District of Washington, Defendant did knowingly possess a firearm, to wit, a Glock Model 17C 9mm caliber pistol, bearing serial number SEG051 on the frame/receiver of the firearm;

PLEA AGREEMENT - 4

b.  *Second,* the firearm had been shipped or transported in interstate and/or foreign commerce;

c.  *Third,* at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

d.  *Fourth,* at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

8.  Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On August 18, 2023, at approximately 3:40 p.m., members of the Spokane Police Department's ("SPD") Violent Crimes Task Force arrested Defendant on an outstanding arrest warrant in front of the Yoke's grocery store located at 210 East North Foothills Drive, Spokane, Washington. This is within the Eastern District of Washington. A police officer seized a Glock 9mm pistol from the right pocket of Defendant's shorts. The pistol had ammunition in the magazine, but no cartridge in the chamber. Subsequent examination of the pistol revealed it was a Glock Model 17C 9mm caliber pistol, with serial number SEG051 on the frame/receiver of the firearm and a separate serial number, AFUC023, on the firearm's barrel block.

At the time of this incident, Defendant knew that he was prohibited from possessing a firearm under federal law and knew that he had been convicted of a

PLEA AGREEMENT - 5

crime punishable by imprisonment for a term exceeding one year. Defendant was convicted and sentenced to over 12 months of prison for Second Degree Unlawful Possession of a Firearm by the Superior Court of Washington, Spokane County, on July 29, 2019. Furthermore, as part of that case, Defendant signed a document (*Felony and Misdemeanor Judgment and Sentence (FJS)*) that stated that Defendant was not allowed to possess firearms under federal law. Accordingly, Defendant acknowledges that he is a prohibited possessor of firearms, and that he was aware of that prohibited status on August 18, 2023, when he knowingly possessed the Glock 9mm pistol described above.

The Glock 9mm caliber pistol described above has been transferred to the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and has been determined to have been manufactured outside the state of Washington, and therefore traveled in and affected interstate or foreign commerce. Defendant acknowledges and admits that he possessed this firearm.

Officers also found suspected crack-cocaine and $1,430 cash on Defendant's person. The crack-cocaine was sent to the Drug Enforcement Administration's ("DEA") laboratory and found to be 7.5 grams of cocaine base.

At the time of his arrest, Defendant was near a silver Jaguar, which he had been observed driving earlier in the day. An SPD officer obtained a search warrant for the vehicle and during execution of the warrant the officer found a loaded semiautomatic handgun with a 31-round magazine on the driver's seat floorboard of the vehicle. This pistol, which belonged to Defendant, was a 9mm privately made firearm. It had no serial number on the frame or receiver, but did have a serial number on the slide, which matched one of the serial numbers on the firearm recovered from Defendant's pocket. The pistol also contained a "Glock switch," also known as an auto-sear, which can function as a machinegun conversion device. However, an ATF agent who has looked at the device believes the Glock switch is missing a necessary part.

PLEA AGREEMENT - 6

On the front passenger seat floorboard an officer seized a red backpack that Defendant has been observed carrying while SPD was conducting surveillance prior to his arrest. Inside the backpack an SPD sergeant found a 50 round 9mm drum magazine that contained 46 live cartridges. Also inside the backpack was a digital scale, suspected cocaine, suspected heroin, and suspected fentanyl pills. The seized drugs were all sent to the DEA's laboratory for testing and the laboratory determined the suspected cocaine weighed 73 grams, determined the suspected heroin was 134 grams of a heroin/cocaine mixture, and confirmed the suspected fentanyl pills contained fentanyl and weighed approximately 219 grams. These drugs all belonged to Defendant, and he possessed them with the intent to distribute them.

On October 19, 2023, Defendant was observed near a van parked in the vicinity of the Stevens County courthouse in Colville, Washington. Detectives from the Stevens County Sheriff's Office observed Defendant acting erratically near the van and then observed Defendant enter the courthouse. Defendant left a brown backpack in the vehicle and the backpack was ultimately seized by the police. After obtaining a search warrant for the backpack, detectives searched the backpack and recovered two handguns, a Glock, Model 22, .40 caliber pistol, and a Beretta, model PX4 Storm, 9mm caliber pistol. There were three cell phones found in the backpack and two of the phones had a background picture of Defendant and his girlfriend. Detectives also recovered heroin, methamphetamine, fentanyl (pills and powder), and an electronic scale from the backpack.

The seized drugs were all sent to the DEA's laboratory and the laboratory tested the methamphetamine and determined it contained approximately 259 grams of actual (pure) methamphetamine. The DEA laboratory also confirmed the suspected heroin was heroin and weighed approximately 26 grams, the suspected fentanyl powder was fentanyl and weighed approximately 17 grams, and the suspected fentanyl pills contained fentanyl and weighed approximately 405 grams.

PLEA AGREEMENT - 7

Defendant ultimately was convicted in state court for possessing the drugs and firearms on October 19, 2023, in Stevens County, Washington.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Information or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    *Base Offense Level*

The United States and Defendant agree that based upon his prohibited status at the time he possessed the firearm, and Defendant's possession of a semiautomatic firearm capable of accepting a large capacity magazine, the base offense level is 20 pursuant to USSG §2K2.1(a)(4)(B). The United States and Defendant also agree that a four-level enhancement applies under USSG §2K2.1(b)(6)(B) because Defendant possessed the charged firearm in connection with another felony offense.

However, the parties also agree that pursuant to USSG §2K2.1(c)(1), a cross-reference to USSG §2X1.1 applies if the resulting offense level is greater than determined under §2K2.1. Because Defendant possessed the firearm in connection with the offense of possession with intent to distribute controlled substances, §2D1.1 applies because the resulting offense level is greater than determined under §2K2.1. In determining the applicable offense level under

PLEA AGREEMENT - 8

§2D1.1, the parties also agree that the drugs seized on October 19, 2023, in Stevens County constitute relevant conduct.[1]

Accordingly, the parties agree and stipulate that Defendant possessed, with the intent to distribute, more than 3,000 but less than 10,000 kilograms of converted drug weight and that this amount properly reflects Defendant's overall relevant conduct. Thus, the Government and Defendant agree that the base offense level for Count 1 is 32.[2] *See* USSG §2D1.1(a)(5), (c)(4); USSG §1B1.3(a).

    b.    *Specific Offense Characteristics*

The United States and Defendant further agree that Defendant's base offense level under the cross-reference is increased by two levels because Defendant possessed a dangerous weapon (firearm). *See* USSG §2D1.1(b)(1).

    c.    *Acceptance of Responsibility*

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b), if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea to the Information on or before October 25, 2024;

---

[1] Because the Stevens County conduct constitutes relevant conduct, the parties further agree that Defendant's Steven County conviction for such conduct will not count as a prior sentence under §4A1.2(a)(1). *See* USSG §1B1.3 cmt. 5(C). Furthermore, because the Stevens County conduct constitutes relevant conduct in the instant case, Defendant shall receive credit for time already served on the Stevens County convictions and any sentence in the instant case must run concurrently to the remainder of the undischarged term of imprisonment from Defendant's Stevens County conviction related to the October 19, 2023 incident. *See* USSG §5GB1.3(b).

[2] The parties recommend the Court utilize the Drug Conversation table due to the multiple types of controlled substances. *See* USSG §2D1.1 n. 8(D).

PLEA AGREEMENT - 9

iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv. provides complete and accurate information during the sentencing process; and

v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

d. *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

e. *Criminal History*

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11. Incarceration

The parties are free to argue for any lawful sentence, except the United States agrees not to recommend a sentence above 151 months of imprisonment.

PLEA AGREEMENT - 10

12. Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the term or conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

13. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 11

### 15. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 16. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

### 17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives Defendant's right to appeal Defendant's conviction and/or sentence. Defendant also expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Defendant acknowledges that on May 9, 2024, a panel of the Ninth Circuit issued its decision in *United States v. Duarte*, -- F.4th --, 2024 WL 2068016 (9th Cir. 2024), holding that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to some Defendants whose prior felony convictions are nonviolent under the analysis set forth by the Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). However, on July 17, 2024, the Ninth Circuit granted the government's petition for rehearing *en banc*, which vacated the *Duarte* panel

PLEA AGREEMENT - 12

decision so that it is no longer precedential. *See Duarte*, C.A. No. 22-50048, Dkt. 81 (9th Cir. July 17, 2024). Defendant acknowledges and understands that as of the date of the entry of his guilty plea to Count One pursuant to this Plea Agreement, the Ninth Circuit has not rendered an *en banc* decision in *Duarte*. Understanding that and desiring to resolve his case now rather than delay resolution pending the outcome of *Duarte*, Defendant hereby knowingly and voluntarily waives all present and future challenges to the constitutionality of 18 U.S.C. § 922(g)(1), including under *Duarte* and/or *Bruen*, and knowingly and voluntarily waives (1) appeal of his conviction and/or sentence on Count One in this case and (2) the bringing of any motions for compassionate release, habeas corpus, or other collateral attack on his conviction and/or sentence on Count One in this case based on or arising from *Duarte*, *Bruen*, or the constitutionality of 18 U.S.C. § 922(g)(1).

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- a Glock Model 17C 9mm caliber pistol, bearing serial number SEG051 on the frame/receiver of the firearm, loaded with nine rounds of 9mm caliber ammunition;

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

PLEA AGREEMENT - 13

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

19.    Abandonment

Defendant agrees to abandon to the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") the following listed assets, including but not limited to:

- a Polymer 80 brand privately made firearm ("PMF") model PF940 Glock-style 9mm semi-automatic handgun with no serial number on the frame or receiver, but bearing serial number SEG051 on the firearm's slide; and,
- any and all magazines, ammunition and accessories.

Defendant agrees to take all steps as requested by the United States and ATF to effectuate the abandonment of the assets to ATF and hereby agrees to execute all forms and pleadings necessary to effectuate such abandonment. Defendant consents to the disposal, including destruction or return to a lawful owner, of the assets. Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever

PLEA AGREEMENT - 14

arising in connection with the seizure and abandonment of any asset covered by this agreement.

Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the United States and/or ATF might take, in their sole discretion, to carry out the abandonment, disposition, and destruction of the firearm. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the firearm, including any such claim for attorney fees and litigation costs.

20. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or

PLEA AGREEMENT - 15

dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21. Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____
Nowles H. Heinrich
Assistant United States Attorney

10/2/2024
_____
Date

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those

PLEA AGREEMENT - 16

rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____      10-2-24
Brandon Lee Brigman                  Date
Defendant

       I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____      2 October 2024
Ryan Farrell                       Date
Attorney for Defendant

PLEA AGREEMENT - 17